1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

12   JAMES ALLEN SIMONTON,                )   Civil No. 07cv0431 J (LSP)
                                          )
13                        Petitioner,     )   **ORDER:**
                                          )   **1) ADOPTING MAGISTRATE**
14                                        )   **JUDGE PAPAS' REPORT AND**
          v.                              )   **RECOMMENDATION;**
15                                        )
                                          )   **2) DENYING  PETITION FOR WRIT**
16   M. EVANS,                            )   **OF HABEAS CORPUS**
                                          )
17                        Respondent.     )
                                          )
18   _____ )

19

20          Before the Court is Petitioner James Allen Simonton's ("Petitioner") Petition for Writ of Habeas

21   Corpus (the "Petition") pursuant to 28 U.S.C. § 2254.  [Doc. No. 1.]  Magistrate Judge Leo S. Papas

22   filed a Report and Recommendation ("R&R") recommending that the Court deny the Petition.  [Doc.

23   No. 15.]  For the reasons set forth below, this Court **ADOPTS** the R&R and **DENIES** the Petition in its

24   entirety.

25                                    **I.  Introduction**

26          Petitioner, a California prisoner proceeding *pro se*, filed the Petition on March 8, 2007.  [Doc.

27   No. 1.]  Petitioner raises eight grounds for relief: (1) his due process rights were violated when the trial

28   court improperly instructed the jury; (2) his due process rights were violated by the admission of certain

1  expert testimony; (3) his due process rights were violated because there was insufficient evidence to

2  support convictions on counts 8 and 9; (4) his due process rights were violated because he was tried

3  before a biased judge; (5) his due process rights were violated by the prosecutor's misconduct; (6) his

4  Sixth Amendment right to effective assistance of counsel was violated by both trial and appellate

5  counsel; (7) his due process rights were violated because his convictions for counts 6 and 7, and his

6  convictions for counts 8 and 9, were multiplicitous; and (8) his due process rights were violated by the

7  admission of evidence of uncharged acts and the testimony of one of the victims.  [*See* Petition at 6-8.][1]

8        Magistrate Judge Leo S. Papas filed an R&R recommending that Grounds One, Five, Seven and

9  Eight be dismissed as procedurally barred from federal habeas review.  [Doc. No. 17.]  The R&R further

10  recommended that Grounds Two, Three, Four and Six be denied on the merits.  [*Id.*]  Petitioner timely

11  filed an Objection to the R&R.  [Doc. No. 23.]  Respondent has not filed a Reply.

12        The Court has considered all the supporting documents submitted by the parties.  Based upon the

13  documents and the evidence presented in this case, and for the reasons set forth below, the Court

14  **DENIES** the petition.

15                            **II.  Background**

16        On June 14, 2001, the San Diego County District Attorney's Office filed an Information

17  charging Petitioner with six counts of lewd act upon a child (Cal. Penal Code § 288(a)), one count of

18  attempted lewd act upon a child (Cal. Penal Code  §§ 288(a) and 664), and two counts of annoying or

19  molesting a child (Cal. Penal Code § 667.6(a)).  It was further alleged that Petitioner had previously

20  been convicted of two serious felony priors (Cal. Penal Code §§ 667(a)-(I), 668 and 1192(c)) and had

21  suffered two prior strike convictions (Cal. Penal Code §§ 667(b)-(I), 1170.12 and 668.)  [Lodgment No.

22  1 at 1-5].

23        On November 7, 2001, a jury found Petitioner guilty of six counts of lewd act upon a child, and

24  two counts of annoying or molesting a child.  Petitioner was acquitted of Count Five, attempted lewd act

25  upon a child.  [*See id.* at 136-44.]  The court found true one serious felony prior conviction (Cal. Penal

26  Code §§ 647.6(a), 1192.7(c)), and two prior strike convictions (Cal. Penal Code §§ 667(b)-(i), 1170.2,

27

28  _____

        [1]Petitioner's Petition is lengthy and not consecutively paginated.  Therefore, this Court
        will refer to the page numbers generated by the electronic-filing document stamp.

668.)  The court struck the strikes and sentenced Petitioner to 36 years to life in prison.  [Lodgment No.
1 at 184-87.]

Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One.
[*See* Lodgment No. 3.]  On appeal, Petitioner argued that (1) the trial court violated his right to due
process by permitting the admission of two prior bad acts; (2) the trial court violated his constitutional
right to a defense by allowing irrelevant expert testimony; (3) evidence was insufficient to support his
convictions for annoying or molesting a child (counts Eight and Nine, in violation of his due process
rights; and (4) the cumulative effect of the errors required reversal.  [*See generally* Lodgment No. 3.]
On June 10, 2003, the appellate court affirmed Petitioner's conviction in an unpublished opinion.
[Lodgment No. 6.]

On July 14, 2003, Petitioner filed a petition for review in the California Supreme Court.
[Lodgment No. 7.]  The court denied the petition without comment on August 13, 2003.  [Lodgment No.
8.]

On August 2, 2004, Petition filed a petition for habeas corpus in the San Diego Superior Court,
raising eleven claims.  [Lodgment No. 9.]  The court denied the petition in a reasoned decision on
September 14, 2004.  [Lodgment No. 10.]  On October 17, 2004, Petitioner filed a petition for rehearing
of the denial of his Superior Court habeas petition.  [Lodgment Nos. 12, 13.]  The petition was denied
on December 1, 2004.  [Lodgment No. 14.]  On December 27, 2004, Petitioner filed a petition for writ
of mandate with the California Court of Appeal, raising the same arguments presented in his petition for
rehearing.  [Lodgment No. 14.]  The petition was denied without comment on February 9, 2005.
[Lodgment No. 16.]  The petition was denied without comment on February 9, 2005.  [Lodgment No.
16.]

On March 7, 2005, Petitioner filed a petition for habeas corpus with the California Court of
Appeal.  [Lodgment No. 17.]  In his petition, Petitioner raised ten claims: (1) his right to due process
was violated because newly discovered evidence showed that the victim had given false testimony; (2)
the trial court improperly instructed the jury; (3) the trial court admitted improper expert testimony; (4)
the court of appeal improperly assigned sexual intent to the conduct in order to affirm the convictions
under California Penal Code section 647.6(a); (5) the prosecutor committed misconduct throughout the

1  trial, depriving him of his right to a fair trial; (6) the trial court improperly admitted evidence of prior

2  bad acts; (7) trial counsel was ineffective; (8) appellate counsel was ineffective; (9) counts Six and

3  Seven and counts Eight and Nine were multiplicitous; and (10) the trial judge was biased.  [*See*

4  Lodgment No. 17.]

5       On June 23, 2005, Respondent filed an informal response to the petition.  [Lodgment No. 18.]

6  Petitioner filed a reply on July 19, 2005.  [Lodgment No. 19.]  On July 20, 2005, the Court of Appeal

7  issued an Order to Show Cause.  [Lodgment No. 20.]  Respondent filed a Return on September 29,

8  2005.  [Lodgment No. 21.]  Petitioner filed a Traverse on December 16, 2005.  [Lodgment No. 22.]  On

9  December 16, the Court of Appeal ordered an evidentiary hearing.  [Lodgment No. 23.]  Specifically,

10  the appellate court ordered the superior court to make findings of fact regarding Petitioner's judicial bias

11  claim.  [*Id.*]

12       The evidentiary hearing was held on May 16 and 17, 2006.  [*See* Lodgment No. 24.]  The referee

13  issued a report of the proceedings on May 30, 2005.  [Lodgment No. 25.]  On October 4, 2005, the

14  California Court of Appeal denied Petitioner's habeas petition in a reasoned decision.  [Lodgment No.

15  27.]

16       On November 13, 2006, Petitioner filed a petition for review in the California Supreme Court.

17  In the petition, Petitioner raised the same basic claims as those contained in his petition before the court

18  of appeal.  However, in the petition for review, each claim raised a constitutional violation.  [*See*

19  Lodgment No. 28.]  The California Supreme Court denied the petition without comment or citation on

20  January 3, 2007.  [Lodgment No. 29.]

21       On March 8, 2007, Petitioner filed the instant Petition [Doc. No. 1], Respondent filed an Answer

22  on July 6, 2007 [Doc. No. 9], and Petitioner filed a Traverse on August 30, 2007 [Doc. No. 15.]

23                    **III.  Legal Standard**

24  **A.    State Prisoner Habeas Corpus Standard**

25       A federal court may grant a habeas petition if the applicant is in custody "in violation of the

26  Constitution or other laws or treaties of the United States."  28 U.S.C. § 2254(a).  State interpretation of

27  state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional

28  questions would be implicated.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Habeas petitions are

governed by the provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to AEDPA, a federal court may grant habeas corpus relief from a state court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state-court decision is "contrary to clearly established federal law" if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state-court decision is an unreasonable application of the facts "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

**B.     Reviewing a Magistrate Judge's R&R**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) (2005).  The district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1) (2005); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980).  "When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law."  *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).  "Under such circumstances, the Ninth Circuit has held that 'a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*.'" *Id.* (quoting *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989)).  In this case, Petitioner filed an objection to the R&R. [Doc. No. 23.]  Accordingly, this Court will make *de novo* determinations of factual findings as to those portions of the R&R to which objections have been made.

### IV.  Petitioner's Objections

Because Petitioner has filed objections to the R&R, the Court must conduct a *de novo* review of the portions of the R&R to which objections were made.  Here, Petitioner first objects to the Magistrate's finding that Grounds One (his due process rights were violated when the trial court improperly instructed the jury), Five (his due process rights were violated by the prosecutor's misconduct), Seven (his due process rights were violated because his convictions for counts 6 and 7, and his convictions for counts 8 and 9, were multiplicitous), and Eight (his due process rights were violated by the admission of evidence of uncharged acts and the testimony of one of the victims) are procedurally barred.  [Doc. No. 23.]  Second, Petitioner objects to the Magistrate's finding that Grounds Two (his due process rights were violated by the admission of certain expert testimony), Three (his due process rights were violated because there was insufficient evidence to support convictions on counts 8 and 9), Four (his due process rights were violated because he was tried before a biased judge), and Six (his Sixth Amendment right to effective assistance of counsel was violated by both trial and appellate counsel) should be denied on the merits.  [*Id.*]

### V.  Discussion

In his Traverse, Petitioner "admits Grounds One, Five and Seven are procedurally barred." [Answer at 14-18.]  However, Petitioner asserts that Grounds Two, Three, Four, Six and Eight are not barred.  [*Id.*]  Specifically, Petitioner argues that his due process rights were violated when the trial court improperly permitted certain expert testimony.  [Pet. at 7.] Petitioner also claims that there was insufficient evidence to support his conviction under counts eight and nine for annoying or molesting a child under California Penal Code section 647.6(a).  [Lodgment No. 6.]  In his next claim, Petitioner argues his due process rights were violated by judicial bias.  [Pet. at 9.]  In his objection to the R&R, Petitioner contends that Grounds One, Five, Seven and Eight are not procedurally barred, and argues against the magistrate's recommendation that Grounds Two, Three, Four and Six be denied on the merits.  [Doc. No. 23.]

Respondent argues that Grounds One, Three, Five, Seven and Eight are procedurally barred. [Answer at 10-18.]  Respondent also argues that each claim should be denied on the merits because the state court's decision was neither contrary to, nor an unreasonable application of, clearly established law, and did not involve an unreasonable application of the facts.  [*See* Answer at 19-39.]

1    Petitioner first raised these claims on direct appeal before the California Court of Appeal, which

2    affirmed the judgment of the state trial court in an unpublished written opinion.  [Lodgment No. 6.]  The

3    California Supreme Court denied review without citation of authority.  [Lodgment No. 8.]  Thus, the

4    Court must "look through" to the decision of the California Court of Appeal as the basis for its analysis.

5    *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).

6    **A.    Procedural Defaults**

7    Respondent argues that Grounds One, Three, Five, Seven and Eight are procedurally barred

8    under the contemporaneous objection rule and the *Dixon* rule, and that Claim Three is barred under the

9    *Waltreus* rule.  [Answer at 11-18.]  Though he "admits that Grounds One, Five and Seven are procedur-

10   ally barred," Petitioner asserts that Grounds Three and Eight are not barred.  [Traverse at 13.]

11   "The procedural default doctrine 'bar[s] federal habeas when a state court declines to address a

12   prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'"

13   *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Colemen*

14   *v. Thompson*, 501 U.S. 722, 729 (1991)).  The doctrine "'is a specific application of the general

15   adequate and independent state grounds doctrine.'" *Bean*, 96 F.3d at 1129 (quoting *Wells v. Maass*, 28

16   F.3d 1005, 1008 (9th Cir. 1994)).  Under the adequate and independent state grounds doctrine, federal

17   courts "'will not review a question of federal law decided by a state court if the decision of that court

18   rests on a state law ground that is independent of the federal question and adequate to support the

19   judgment." *Bean*, 96 F.3d at 1129 (quoting *Coleman*, 501 U.S. at 729); *see also Hill v. Roe*, 298 F.3d

20   796, 798 (9th Cir. 2002); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001); *Park v. California*,

21   202 F.3d 1146, 1151 (9th Cir. 2000).  The state procedural rule must be clear and "well established at

22   the time of the petitioner's purported default." *Bean*, 96 F.3d at 1129 (quoting *Wells*, 28 F.3d at 1010).

23   The burden of proving procedural default belongs to the state.  *Bennett v. Mueller*, 322 F.3d 573,

24   586 (9th Cir. 2003).  If the state meets this burden, federal review of the claim is foreclosed unless the

25   petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation

26   of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage

27   of justice." *Coleman*, 501 U.S. at 750.

28   **(a)    Grounds One, Five and Seven**

7

1    Respondent argues that Grounds One, Five and Seven are procedurally barred under California's

2    contemporaneous objection rule and under *In re Dixon*, 41 Cal. 2d 756, 759 (1953).  Respondent cites

3    cases in support of the proposition that the contemporaneous objection and *Dixon* bars are independent

4    and adequate.  [*See* Answer at 15.]  Petitioner offers no "specific factual allegations that demonstrate the

5    inadequacy" of the contemporaneous objection bar.  *See Bennett*, 322 F.3d at 586.  In fact, he concedes

6    Grounds One, Five and Seven are barred in his traverse.  [Traverse at 13.]  Thus, Petitioner has failed to

7    meet his burden under *Bennett*.  322 F.3d at 586.

8    Moreover, Petitioner offers nothing to suggest there was cause for the default and actual

9    prejudice as a result of the alleged violation of federal law; nor has he attempted to demonstrate that

10   failure to consider the claims will result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S.

11   at 750.  Accordingly, the Grounds One, Five and Seven are **DISMISSED** as procedurally barred.  *See*

12   *Bennett*, 322 F.3d at 586.

13        **(b)     Ground Eight: Admission of Uncharged Acts and Testimony**

14   Petitioner claims in Ground Eight that his due process rights were violated by the admission of

15   uncharged acts and the testimony of one of the victims, while Respondent argues that Ground Eight is

16   procedurally barred under the contemporaneous objection rule.  The court of appeal, in a reasoned

17   opinion, denied the claim as waived because Petitioner failed to object.  [Lodgment No. 6 at 8.]

18   Petitioner raised the issue again in his petition for review to the California Supreme Court, which denied

19   the petition without comment.  [Lodgment No. 8.]

20   Next, Petitioner raised the issue in a state petition for habeas corpus to the California Superior

21   Court.  However, Petitioner did not claim his federal due process rights were violated; rather, he argued

22   only state law and that his Fifth Amendment rights were violated.  [Lodgment No. 9.]  The court denied

23   the petition without comment or citation.  [*See* Lodgment No. 29.]  Thus, the last reasoned decision to

24   specifically address this claim was the California Court of Appeal's decision on direct appeal and it is to

25   that decision that this Court must direct its analysis.  *Ylst v. Munnemaker*, 501 U.S. 797, 801-06 (1991).

26   Here, the court of appeal held that Petitioner had waived his claim by failing to object at trial,

27   thus applying the contemporaneous objection bar.  [Lodgment No. 27.]  The Ninth Circuit has held that

28   the contemporaneous objection rule is applied independent of federal law.  *See Vansickel v. White*, 166

07cv0431 J (LSP)

F.3d 953, 957-58 (9th Cir. 1999) (recognizing and applying California's contemporaneous objection rule in affirming denial of a federal petition on the ground of procedural default). California courts have consistently applied the contemporaneous objection rule when a party has failed to make an objection to the admission of evidence. *Melendez v. Pliler*, 288 F.3d 1120, 1125 (9th Cir. 2002) (citing *Garrison v. McCarthy*, 653 F.2d 374, 377 (9th Cir. 1981).

Since Petitioner has failed to present "specific factual allegations that demonstrate the inade-quacy" of the contemporaneous objection bar, he has failed to meet his burden. *See Bennett*, 322 F.3d at 586. Furthermore, Petitioner has made no attempt to demonstrate cause and prejudice or that a miscarriage of justice will result should the Court not consider the claim. *See Coleman*, 501 U.S. at 750. Thus, the Court **DISMISSES** Ground Eight as procedurally barred.

### (c)    Ground Three: Waltreus

Respondent argues that Ground Three is procedurally barred under *In re Waltreus*, 62 Cal. 2d 218, 225 (1965). In *Waltreus*, the California Supreme Court stated that "habeas corpus ordinarily cannot serve as a second appeal." 62 Cal 2d at 225 (citing *In re Winchester*, 53 Cal. 2d 528, 532 (1960)). However, the Ninth Circuit has specifically found that the *Waltreus* rule is not sufficient to bar federal relief. *See Hill v. Roe*, 298 F.3d 796, 798 (9th Cir. 2002) (stating "[t]he California Supreme Court's reliance on *In re Waltreus* does not . . . bar federal court review.")

Second, Respondent argues that under *Bennett*, "Petitioner must now plead inconsistencies or inadequacies with the application of [the *Waltreus* rule, or his claim will be procedurally defaulted." [Answer at 13.] This assertion misconstrues *Bennett*, which first requires the state to plead the existence of an "independent and adequate state procedural ground as an affirmative defense" before the burden shifts to the petitioner to show "specific factual allegations that show the inadequacy of the state procedure." *Bennett*, 322 F.3d at 586. Since *Waltreus* is not an independent and adequate state procedural ground, Respondent has not met his initial burden. *Id.* Ground Three is therefore not procedurally barred, and Respondent's request that Ground Three be dismissed **IS DENIED**.

### (d)    Conclusion

For the reasons discussed above, this Court **FINDS** that Grounds One, Five, Seven and Eight are procedurally barred from federal habeas review and therefore are **DISMISSED** with prejudice. Ground

07cv0431 J (LSP)

1  Three, however, is not barred from review and thus this Court will address the merits of the claim below

2  along with the remainder of Petitioner's claims.

3  **B.    Merits**

4        **(a)    Ground Two: Expert Testimony**

5        In Ground Two, Petitioner argues that his due process rights were violated when the trial court

6  improperly permitted certain expert testimony.  Specifically, Petitioner asserts his constitutional rights

7  were violated when the court allowed an expert to testify as to "grooming" techniques used by child

8  molesters.  [Pet. at 7.]

9        To the extent Petitioner asserts a violation of California's evidentiary rules, his claim is not

10  cognizable in a federal habeas proceeding unless the admission of the evidence violated his due process

11  right to a fair trial.  *Estelle v. McGuire*, 502 U.S. 62, 70 (1991).  In order to establish a due process

12  violation, Petitioner must show that the evidentiary ruling was so prejudicial that it rendered his trial

13  fundamentally unfair.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996).

14        In the last reasoned decision to discuss the claim, the California Court of Appeals noted that the

15  testimony did not concern a subject within common knowledge, nor was it inadmissible profile

16  testimony or an "informal compilation of characteristics of pedophiles."  [Lodgment No. 6.]  Petitioner

17  has not shown that the expert's brief testimony regarding "grooming" was so prejudicial as to render his

18  trial fundamentally unfair.  His testimony on the subject of grooming explained the general modus

19  operandi of child molesters.  The Ninth Circuit has held that experts may "testify as to the general

20  practices of criminals to establish the defendants' modus operandi."  *United States v. Freemen*, 498 F.3d

21  893, 906 (9th Cir. 2007).  The state court's admission of the testimony was not a violation of due

22  process.  *See Estelle*, 502 U.S. at 70.  Thus, the state appellate court's denial of the claim was neither

23  contrary to, nor an unreasonable application of clearly established law, and his claim is **DENIED**.  *See*

24  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); 28 U.S.C. § 2254.

25        **(b)    Ground Three: Insufficient Evidence**

26        Petitioner claims there was insufficient evidence to support his conviction under counts eight and

27  nine for annoying or molesting a child under California Penal Code section 647.6(a).  Petitioner raised

28  this claim in the Court of Appeal on direct review and it was denied in a reasoned opinion.  [Lodgment

1   No. 6.]  Petitioner raised the claim again in his petition for review to the California Supreme Court and

2   it was denied without comment or citation. [Lodgment No. 8.]

3         In a sufficiency of the evidence claim, clearly established law requires the court determine

4   whether "any rational trier of fact could have found the essential elements of the crime beyond a

5   reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  This court must view the evidence

6   in the light most favorable to the prosecution, and must presume the trier of fact resolved conflicting

7   evidence in favor of the prosecution.  *Id.* at 319, 326.  Under *Jackson*, this court must look to the state

8   criminal law in determining whether a factfinder could have found the petitioner guilty beyond a

9   reasonable doubt.  443 U.S. at 324.

10        Viewing the evidence in the light most favorable to the verdict, a reasonable juror could have

11  found Petitioner guilty of violating section 647.6 beyond a reasonable doubt.  As the state court noted,

12  one of the victims testified that while wrestling, Petitioner "grabbed" his butt two times.  [Lodgment No.

13  2.]  The victim stated that the first time it happened he pushed Petitioner off him and told him "that's

14  not cool."  [*Id.* at 232.]  He testified that he did not like Petitioner doing that, and when Petitioner did it

15  again, the victim pushed him off and told him, "Don't, I don't like that."  [*Id.* at 233.]  This testimony is

16  sufficient for a reasonable juror to find that Petitioner's conduct would "unhesitatingly disturb or

17  irritate" a normal person.  *See* Cal. Penal Code § 647.6.  Furthermore, given Petitioner's admissions that

18  he previously had molested other young men, a reasonable juror could infer that Petitioner's conduct

19  was an attempt to satisfy an "abnormal interest" in the victim.  [Lodgment No. 2.]

20        Petitioner cites *People v. Lopez*, 19 Cal. 4th 282, 290 (1998) as support for his assertion that "an

21  accuser's mental state are to be ignored" when evaluating a defendant's conduct.  [Doc. No. 23.]  Under

22  *Lopez*, the proper inquiry for the court is whether the defendant's objectionable acts constitute the

23  offense.  19 Cal. 4th at 290.  Here, the testimony related to Petitioner's physical acts is sufficient for a

24  reasonable juror to decide that the conduct was objectionably "disturbing[ing] or irritat[ing]."  *See id.*

25        Thus, there was sufficient evidence to convict Petitioner on counts eight and nine.  *See Jackson*,

26  443 U.S. at 319.  The state court's denial of the claim was neither contrary to, nor an unreasonable

27  application of clearly established law.  *See Williams*, 529 U.S. at 412-13.  Therefore, the Court **DENIES**

28  relief as to this claim.

1        **(c)**       **Ground Four: Judicial Bias**

2        In his next claim, Petitioner argues his due process rights were violated by judicial bias.

3 Specifically, he asserts that the trial judge held a bias against child molesters, which he expressed to

4 Petitioner's mother before and after the trial.  [Pet. at 9.]  Petitioner raised this claim in a petition for

5 habeas corpus to the California Supreme Court and it was denied without comment.  [Lodgment No.

6 29.]  Thus, this Court looks through to the last reasoned decision by the state court, that of the California

7 Court of Appeal, which denied Petitioner's petition in a reasoned decision after a two-day evidentiary

8 hearing was held in superior court.  *See Ylst*, 501 U.S. at 801-06.

9        Following the evidentiary hearing, the superior court made lengthy factual findings.  In sum, the

10 court concluded that Petitioner's mother's testimony was not creditable due to a bias toward her son and

11 several other factors.  [Lodgment No. 25.]  The court found "compelling circumstantial evidence" that

12 the trial judge did not express any bias during his conversation with Petitioner's mother.  [*Id.* at 10.]

13 Having reviewed the superior court's findings following the evidentiary hearing, the court of appeal

14 denied the claim.  [Lodgment No. 27.]

15        It is clearly established that the Due Process Clause guarantees a criminal defendant the right to

16 a fair and impartial judge.  *In re Murchison*, 349 U.S. 133, 136 (1996).  To succeed on a judicial bias

17 claim, however, a petitioner must "overcome a presumption of honesty and integrity in those serving as

18 adjudicators."  *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  A petitioner may show judicial bias in one of

19 two ways, by demonstrating the judge's actual bias or by showing that the judge had an incentive to be

20 biased sufficiently strong to overcome the presumption of judicial integrity.  *Paradis v. Arave*, 20 F.3d

21 950, 958 (9th Cir. 1994).

22        In evaluating this claim, this Court must defer to the state court's factual findings unless they are

23 rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Here, the state court, after holding

24 a thorough evidentiary hearing and taking the testimony of several witnesses, found the trial judge's

25 testimony credible and Petitioner's mother's testimony tainted by bias.  [Lodgment No. 27.]  Petitioner

26 has not shown the trial judge was actually biased or that he had an incentive to be biased sufficiently

27 strong to overcome the presumption of judicial integrity.  *Paradis*, 20 F.3d at 958.  Nothing in the

28 record indicates an appearance of bias against Petitioner.  The state court's denial of Petitioner's judicial

07cv0431 J (LSP)

1  bias claim was neither contrary to, nor an unreasonable application of, clearly established law.  *See*

2  *Williams*, 529 U.S. at 412-13.  Therefore, the Court **DENIES** relief as to this claim.

3         **(d)    Ground Six: Ineffective Assistance of Counsel**

4         Petitioner contends his attorney was ineffective in violation of his Sixth Amendment right to

5  counsel.  Specifically, Petitioner argues his trial counsel (1) failed to object to prosecutorial misconduct,

6  (2) failed to object to improper jury instructions, (3) failed to object to the "multiplicity counts," (4)

7  improperly withdrew an alibi instruction, and (5) failed to present witnesses in support of the theory of

8  defense.  [Pet. at 14-16.]

9         The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  *Dows v.*

10 *Wood*, 211 F.3d 480, 484 (9th Cir. 2000); *see McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)

11 ("It has long been recognized the right to counsel is the right to the effective assistance of counsel.")  A

12 finding of ineffective assistance of counsel requires a two-part showing.  *Strickland v. Washington*, 466

13 U.S. 668, 688 (1984).  First, an attorney's representation must have fallen below an objective standard

14 of reasonableness.  *Id.*  Second, a defendant must have been prejudiced by counsel's errors.  *Id.* at 694.

15 Prejudice can be demonstrated by showing that "there is a reasonable probability that, but for counsel's

16 unprofessional errors, the result of the proceeding would have been different.  A reasonable probability

17 is a probability sufficient to undermine confidence in the outcome."  *Id.*  Further, *Strickland* requires

18 that "[j]udicial scrutiny of counsel's performance . . . be highly deferential."  *Id.* at 689.  There is a

19 "strong presumption that counsel's conduct falls within a wide range of reasonable professional

20 assistance."  *Id.* at 686-87.  The Court need not address both the deficiency prong and the prejudice

21 prong if the defendant fails to make a sufficient showing of either one.  *Id.* at 697.

22         **(1)    Failure to Object to Prosecutorial Misconduct**

23         Petitioner points to numerous instances of alleged prosecutorial misconduct, and asserts that trial

24 counsel was ineffective in failing to object to the misconduct.  Petitioner's claims of misconduct can be

25 grouped into several different categories: (1) misstatements of evidence; (2) improper vouching for the

26 testimony of certain witnesses; (3) inflammation of jury passions; (4) misstatements of law; (5)

27 expressions of personal opinions and conclusions; and (6) improper questioning of witnesses, including

28 Petitioner.  [*See* Pet. at 10-13.]  Petitioner contends the impact of the prosecutor's misconduct infected

1    the trial with such unfairness as to violate his due process rights and thus his counsel's failure to object

2    to the misconduct amounted to a violation of his Sixth Amendment right to counsel.  [*Id.*]  The last

3    reasoned state court decision to address this claim is the California Court of Appeal's opinion denying

4    Petitioner's petition for habeas corpus.  It is to that decision this Court must look.  *Ylst*, 501 U.S. 801-06.

5

6    In denying this claim, the California Court of Appeal stated that "most of [Petitioner's] cited

7    instances were within the bounds of zealous advocacy and permissible argument" and "there may have

8    been valid tactical reasons for not objecting and, in any event, it is not reasonably probable [Petitioner]

9    would have been acquitted even had defense counsel objected."  [Lodgment No. 27.]  In analyzing

10   Petitioner's claim, the court of appeal applied the appropriate federal standard set forth in *Strickland* by

11   citing *In re Jones*, 13 Cal. 4h 552, 561 (1996) (citing *Stickland*, 466 U.S. at 687).  [Lodgment No. 27.]

12   ###                     (i)        Failure to Object to Misstatements of Fact During Closing

13   Petitioner claims the prosecutor made numerous misstatements of the facts during closing

14   argument and that defense counsel's failure to object to any of them constituted ineffective assistance of

15   counsel.  [Pet. at 10-11, 14.]  It is clearly established that a prosecutor commits misconduct during

16   closing argument when he or she manipulates or misstates the evidence presented during the trial.

17   *Darden v. Wainwright*, 477 U.S. 168, 181-82 (1986).  However, a prosecutor may argue reasonable

18   inferences based on the evidence.  *See id.* at 181-82.  "Counsel are given latitude in the presentation of

19   their closing arguments, and courts must allow the prosecution to strike hard blows based on the

20   evidence presented and all reasonable inferences therefrom."  *Ceja v. Stewart*, 97 F.3d 1246, 1253-54

21   (9th Cir. 1996) (quoting *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)).

22   The majority of Petitioner's claims of prosecutorial misconduct are baseless.  First, Petitioner

23   claims that the prosecutor improperly argued that Petitioner called the victim a liar at a family meeting

24   when no such testimony was given.  [Pet. at 10.]  In fact, the victim's father testified that he was present

25   at the family meeting and Petitioner, when confronted with the victim's accusations, denied them.

26   [Lodgment No. 2.]  Thus, the prosecutor did not misstate the evidence when he suggested that Petitioner

27   called the victim a liar at the meeting.  *See id.*  Second, Petitioner's accusation that the prosecutor

28   misstated evidence when he stated during argument that the victim cried when talking to a therapist is

1  belied by the record.  [Pet. at 10.]  The prosecutor stated that the victim cried in front of his teacher,

2  which is supported by the teacher's testimony.  [Lodgment No. 2.]  Next, Petitioner's claim that the

3  prosecutor misstated the evidence when he argued that Petitioner's testimony corroborated the victim's

4  is meritless.  [Pet. at 10.]  The prosecutor stated that Petitioner corroborated the victim's testimony that

5  he rubbed the victim's face with a Q-tip, which was accurate.  [*See* Lodgment No. 2.]  Furthermore,

6  Petitioner complains that the prosecutor's statement that the victim said "it bothers me, it annoys me"

7  was inaccurate.  [Pet. at 10.]  The prosecutor was simply paraphrasing the victim's testimony, which is

8  not improper.  *See Ceja*, 97 F.3d at 1253-54.  Further, contrary to Petitioner's assertions, the prosecutor

9  was accurately summarizing trial testimony when he stated that Petitioner talked to the victim about

10 masturbation.  [Pet. at 10.]  Thus, none of Petitioner's above claims of prosecutorial misconduct are

11 meritorious because there was no misstatement of fact by the prosecutor.  Therefore, counsel's failure to

12 object was not unreasonable.

13      Petitioner also claims that there was no testimony to support several statements by the prosecu-

14 tor; including the contention that there was "sex talk" between Petitioner and a victim, that Petitioner

15 had not been honest with the victim's family, and that the testimony of Petitioner's friend should be

16 treated with caution.  [Pet. at 10, 11.]  However, these statements were supported by the record.

17 [Lodgment No. 2.]  Defense counsel's failure to object was objectively reasonable because there was no

18 basis for objection; the prosecutor did not misstate the evidence.  *See* (R&R at 29); *Ceja*, 97 F.3d at

19 1253-54.  Moreover, Petitioner has not show prejudice because any objections to the above arguments

20 would have been overruled for the same reason.  *Strickland*, 466 U.S. at 686-87.

21      Petitioner also claims his counsel was ineffective in failing to object to the prosecutor's

22 statement that Petitioner asked the victim to sleep in his bed, when the victim testified that he asked to

23 sleep in Petitioner's bed.  [Lodgment No. 2.]  While it appears the prosecutor's statement to the contrary

24 was inaccurate, there was a reasonable, tactical reason for counsel to elect not to object.  It was likely

25 that an objection would have been overruled, that the jury would be referred to the instruction stating

26 that counsel's comments are not evidence and that any objection would merely highlight unfavorable

27 testimony.  *See Strickland*, 466 U.S. at 686-87.  Petitioner has failed to show that there is "a reasonable

28

15

1    probability" that, but for counsel's failure to object, the result of the trial would have been different. *Id.*

2    at 694.

3          Petitioner also claims the prosecutor misstated the evidence when he attempted to show that

4    Petitioner "assigned fault to [the victim]'s parents for being angry about [Petitioner]'s alleged past

5    conduct." [Pet. at 10.] The Court has reviewed the portions of the record to which Petitioner points and

6    finds no such suggestion, thus, Petitioner has not shown that counsel's performance was objectively

7    unreasonable. *Strickland*, 466 U.S. at 686-87. Petitioner has not shown a reasonable probability that the

8    outcome of the trial would have been different. *Id.* at 494.

9          Finally, Petitioner claims the prosecutor misstated evidence when he made a statement contrary

10   to witness testimony. *See* (R&R at 30); [Lodgment No. 2.] The prosecutor's statement could be

11   construed as a misstatement, but when taken in context, it appears to be an attempt to highlight a

12   deficiency in the witness's knowledge. [*See id.*] Even assuming it was a misstatement, it was a

13   reasonable tactical decision not to object because it would have highlighted the discrepancies between

14   defense witness' testimony. *See Strickland*, 466 U.S. at 686-87. Petitioner has also failed to show that,

15   had his attorney objected, the outcome of the trial would have been different. *Id.* at 694. In addition,

16   the statement was brief and given the evidence against Petitioner, it is improbable it would have

17   impacted the jury's decision. *See id.*

18         In sum, most of Petitioner's claims regarding misstatements by the prosecutor are not supported

19   by the record. Therefore, any failure to object could not have been ineffective. As for the few instances

20   in which the prosecutor may have misspoke, Petitioner has failed to show that his counsel's decision not

21   to object was objectively unreasonable or that he was prejudiced by any failure to object. *Id.* at 686-87,

22   694. Accordingly, the state's denial of this claim was neither contrary to, nor an unreasonable

23   application of clearly established law. *See Williams*, 529 U.S. at 412-13. Therefore, the Court **DENIES**

24   relief as to this claim.

25                  **(ii)**    **Improper Vouching**

26         Petitioner argues that he was denied effective assistance of counsel when his attorney failed to

27   object to the prosecutor's improper vouching. [Pet. at 11.] Misconduct occurs when a prosecutor

28   "vouches" for the credibility of a witness, which consists of "placing the prestige of the government

1   behind a witness through personal assurances of a witness' veracity, or suggesting that information not

2   presented to the jury supports the witness' testimony." *United States v. Weatherspoon*, 410 F.3d 1142,

3   1146 (9th Cir. 2005) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993).  Here,

4   the prosecutor argued that the victims had no motive to lie, which does not constitute vouching.  *See*

5   *United States v. Nash*, 115 F.3d 1431, 1432 (9th Cir. 1997).  Similarly, the prosecutor's comments

6   regarding the credibility of Petitioner and the possible bias of a defense witness was not improper

7   because the prosecutor did not refer to evidence outside the record or make any personal guarantees as

8   to truthfulness. [*See* Lodgment No. 2]; *Necoechea*, 986 F.2d at 1279.  The prosecutor was merely

9   pointing to evidence that went to the credibility of the witnesses, which is not improper vouching.  *See*

10   *Weatherspoon*, 410 F.3d at 1146.

11        Accordingly, counsel's failure to object was not unreasonable because his objection would have

12   been overruled.  *Strickland*, 466 U.S. at 686-87.  Petitioner has not shown a reasonable probability that

13   the result would have been different had counsel objected.  *Id.* at 694.  The state court's denial of this

14   claim was neither contrary to, nor an unreasonable application of, clearly established law.  *See Williams*,

15   529 U.S. at 412-13.  The Court **DENIES** relief as to this claim.

16               **(iii)     Inflaming Jury Passions**

17        Petitioner also claims counsel was ineffective in failing to object to the prosecutor's inflamma-

18   tory comments made during closing argument.  Specifically, Petitioner complains that the prosecutor

19   referred to him as a "predator" and the victims as "prey" on several occasions. [*See* Pet. at 11, *see also*

20   Lodgment No. 2.]  The Ninth Circuit has stated that "name calling is not an admirable style of argument

21   and we do not condone it, but this court has been reluctant to find it cause for reversal." *United States v.*

22   *Berry*, 627 U.S. 193 (9th Cir. 1980); (citing *United States v. Taxe*, 540 F.2d 961 (9th Cir. 1976))

23   (holding that calling defendant "scavenger" and "parasite" were based on evidence that defendant was

24   profiting at the expense of copyright owners and thus not a violation of due process).  Here, the

25   prosecutor's reference to Petitioner as a "predator" were supported by the evidence and did not render

26   Petitioner's trial fundamentally unfair.  *See Taxe*, 540 F.2d at 967-68.  Accordingly, defense counsel's

27   decision not to object to the comments was not objectively unreasonable.  *Strickland*, 466 U.S. at 686-

28   87.

1    Petitioner also has not shown a reasonable probability that the result would have been different

2    had counsel objected. *Id.* at 694. The state court's denial of this claim was neither contrary to, nor

3    unreasonable application of, clearly established law. *See Williams*, 529 U.S. at 412-13. The Court

4    **DENIES** relief as to this claim.

5                          **(iv)    Misstatements of Law**

6    Petitioner argues he was denied effective assistance of counsel when his attorney failed to object

7    to the prosecutor's alleged misstatements of law during closing argument. [*See* Pet. at 12.] The Court

8    has reviewed the portions of the record cited by Petitioner and finds that the prosecutor did not misstate

9    the law. The prosecutor argued that because Petitioner had admitted he had previously molested three

10   boys, under California Evidence Code section 1108, the jury could infer the defendant committed the

11   crimes in this case. [Lodgment No. 2.] The prosecutor's statement recited the jury instruction in this

12   case, CALJIC No. 2.50.01, almost verbatim. [*See* Lodgment No. 2.]

13   Petitioner also argues that the prosecutor omitted the element of sexual motivation and interest

14   from California Penal Code section 647.6 when explaining it to the jury, and claims that the prosecutor

15   "urged the jurors to employ a substantive rather than objective test" when considering whether section

16   647.6 was violated. [Pet. at 12.] However, the prosecutor did argue that the test was an objective one,

17   and although he did not specifically refer to abnormal or unnatural "sexual" interest, the rest of his

18   statement, taken in context, infers as much. Thus, the prosecutor's argument did not misstate the law.

19   Furthermore, the jury was instructed that the court's instructions would take precedence if they

20   conflicted with any argument by the attorneys. [Lodgment No. 1.] Accordingly, defense counsel's

21   decision not to object to the comments was not objectively unreasonable. *Strickland*, 466 U.S. at 686-

22   87. Petitioner has not shown a reasonable probability that the result would have been different had

23   counsel objected. *Id.* at 694. The state court's denial of this claim was neither contrary to, nor

24   unreasonable application of, clearly established law. *See Williams*, 529 U.S. at 412-13. Therefore, the

25   Court **DENIES** relief as to this claim.

26                          **(v)     Personal Opinions and Conclusions**

27   Petitioner claims he received ineffective assistance of counsel when his attorney failed to object

28   to the "personal opinions and conclusions" of the prosecutor during closing argument. [Pet. at 12.]

                                             18

1    Clearly established law provides that a prosecutor may argue reasonable inferences based on the

2    evidence.  *Darden*, 477 U.S. at 181-82.  "Counsel are given latitude in the presentation of their closing

3    arguments, and courts must allow the prosecution to strike hard blows based on the evidence presented

4    and all reasonable inferences therefrom."  *Ceja*, 97 F.3d at 1253-54.  Moreover, statements made by

5    attorneys during argument are not evidence.  *See* CALJIC No. 1.00.

6           Petitioner complains that the prosecutor improperly inserted his own personal opinion in ten

7    instances; he claims the prosecutor stated that "there's not one speck of truth in defendant's testimony,"

8    the prosecutor improperly drew conclusions about what the victims were thinking during the wrestling

9    incidents, he stated the victim's learning disability could explain inconsistencies in his testimony, he

10   claimed that Petitioner's past molestation convictions were not merely "mistakes," and he stated that

11   several defense witnesses were biased.  [Pet. at 12, 13.]  The majority of these instances are merely

12   examples of the prosecutor making reasonable inferences based on the evidence presented at trial.  *See*

13   *Ceja*, 97 F.3d at 1253-54.  In addition, Petitioner takes the prosecutor's statements out of context.  The

14   prosecutor was permitted to make arguments based on the testimony and evidence presented at trial and

15   the instructions given the jury.  *Id.*; *see also* Lodgment No. 1, CALJIC No. 2.20.  In addition, it was for

16   the jury to ultimately decide whether and to what extent witness testimony was credible.  [*See* Lodgment

17   No. 1]; CALJIC No. 2.20.1.

18          In sum, Petitioner has not shown that counsel's failure to object to the above arguments by the

19   prosecutor was objectively unreasonable.  *Strickland*, 466 U.S. at 686-87.  The arguments were

20   permitted under clearly established law, thus any objection would likely have been overruled.  *See*

21   *Darden*, 477 U.S. at 181-82.  The state court's denial of this claim was neither contrary to, nor an

22   unreasonable application of clearly established law.  *See Williams*, 529 U.S. at 412-13.  Therefore, the

23   Court **DENIES** relief as to this claim.

24                            **(vi)    Misconduct During Trial**

25          Petitioner argues that his attorney failed to object to several instances of misconduct "during

26   trial."  [Pet. at 13.]  Petitioner complains that defense counsel should have objected at several occasions

27   during trial:  during expert testimony concerning gifts Petitioner had purchased for the victims, when

28   one victim testified that he saw Petitioner in bed with and possibly touching another victim, and when

1   Petitioner testified about his previous probation and about the truthfulness of his accusers.  However,

2   Petitioner has failed to show how his counsel's performance was deficient.  *See Strickland*, 466 U.S. at

3   686-87.  The evidence that Petitioner had purchased several expensive gifts for the victims was not

4   disputed.  The defense did object to the victim's testimony during pre-trial motions and the court ruled

5   that the testimony could be admitted under California Evidence Code section 1108.  [*See* Lodgment No.

6   2.] Petitioner had already admitted that he was unsuccessful at completing probation, and the admission

7   of his testimony is so insignificant that Petitioner has not shown a reasonable probability that, without

8   that testimony, the result of his trial would have been different.  [*See* Lodgment No. 2]; *see Strickland*,

9   466 U.S. at 694.          Finally, defense counsel did object to questions about Petitioner's belief in the

10  truthfulness of his accusers.  [*See* Lodgment No. 2.]

11          Petitioner has failed to show counsel was ineffective with regard to several of his claims because

12  counsel actually did object to the prosecutor's conduct.  To the extent defense counsel did not object,

13  even assuming it was unreasonable, Petitioner has not shown prejudice.  *See Strickland*, 466 U.S. at 694.

14  Accordingly, the state court's denial of Petitioner's claims was neither contrary to, nor unreasonable

15  application of clearly established law.  *See Williams*, 529 U.S. at 412-13.  Therefore, the Court **DENIES**

16  relief as to this claim.

17                          **(vii)    Cumulative Effect**

18          Petitioner argues that the cumulative impact of defense counsel's failure to object to the

19  numerous instances of prosecutorial misconduct amounted to a violation of his Sixth Amendment rights.

20  [Pet. at 13.] As discussed above, the vast majority of Petitioner's claims of misconduct are without

21  merit.  To the extent there was misconduct, Petitioner's counsel objected several times.  In the few cases

22  where counsel failed to object to an improper question or statement, Petitioner has not shown prejudice.

23  *See Strickland*, 466 U.S. at 694.  Because the instances were so short and insignificant, and the evidence

24  against Petitioner was strong, there is no reasonable probability that the result of the trial would have

25  been different.  *Id.*  Accordingly, the state court's denial was neither contrary to, nor an unreasonable

26  application of clearly established law.  *See Williams*, 529 U.S. at 412-13.  The Court **DENIES** relief as

27  to this claim.

28                          **(2)     Failure to Object to CALJIC No. 4.71**

1        Petitioner claims his Sixth Amendment rights were violated when defense counsel failed to

2   object to CALJIC No. 4.71.  [Pet. at 14.]  This court looks to the last reasoned decision to address this

3   claim--the court of appeal's denial of Petitioner's state habeas petition.  *See Ylst*, 501 U.S. at 801-06.

4   CALJIC No. 4.71 states that when the crime charged was committed "on or about" a certain date, it is

5   not necessary that the proof show that it was committed on the precise date.  The court noted that the

6   instruction was proper under state law, given that it was uncertain whether the conduct took place before

7   midnight on May 4, 2000 or after, on May 5, 2000.  [*See* Lodgment No. 27.]  Since defense counsel

8   would have no reason to object, Petitioner has not shown that counsel's performance was unreasonable.

9   Furthermore, even assuming the instruction was improper as to some of the counts, the state court's

10  decision that there was a tactical reason for counsel to decline to object is reasonable, since an objection

11  would only have highlighted the instances in question.  *See Strickland*, 466 U.S. at 689, 694.  The state

12  court's decision was not contrary to, or an unreasonable application of clearly established law.  *See*

13  *Williams*, 529 U.S. at 412-13.  Therefore, the Court **DENIES** relief as to this claim.

14           **(3)**       **Failure to Object to Multiplicity of Counts**

15       Petitioner argues that counsel was ineffective for failing to assert that counts six and seven and

16  counts eight and nine were multiplicitous.  Petitioner appears to claim that there was insufficient

17  evidence to support two counts as to each victim.  [Pet. at 14-15.]  This court looks to the last reasoned

18  decision to address this claim--the court of appeal's denial of Petitioner's state habeas petition.  *See Ylst*,

19  501 U.S. at 801-06.  The court addressed this claim briefly, and noted that the evidence showed at least

20  two improper touchings as to each child. [Lodgment No. 27.]  There was sufficient evidence at trial to

21  show that Petitioner had twice violated California Penal Code section 647.6(a) with regard to one of the

22  victims, and twice violated California Penal Code section 288(a) with regard to another.  Thus, a

23  reasonable juror viewing the evidence in the light most favorable to the prosecution could find Petitioner

24  guilty of counts six and seven and counts eight and nine.  *See Jackson*, 443 U.S. at 319.  Because there

25  was sufficient evidence presented to prove all four counts, it was not unreasonable for defense counsel

26  to decline to object.  *See Strickland*, 466 U.S. at 686-87.

27       Therefore, the state court's decision was not contrary to, or an unreasonable application of

28  clearly established law.  *See Williams*, 529 U.S. at 412-13.  The Court **DENIES** relief as to this claim.

### (4)     Withdrawal of Alibi Instruction

Petitioner claims he received ineffective assistance of counsel when his defense attorney

withdrew an instruction (CALJIC No. 4.50) related to alibis.  [Pet. at 15.]  Again, the last reasoned

decision to discuss this claim is the state appellate court's order denying habeas relief, which noted that

there are "articulable tactical reasons" for withdrawing the instruction "within the range of reasonable

competence."  [Lodgment No. 27.]  Specifically, CALJIC No. 4.50  assumes the crime was committed,

and that the defendant is arguing that he wasn't present during the commission of the crime.  Although

Petitioner presented a witness who testified that the victim was not at Petitioner's house when the crime

was alleged to have been committed, his credibility was questionable and Petitioner's "alibi" was weak.

Furthermore, although Petitioner's counsel withdrew the instruction he did argue vigorously during

closing argument that the victim's testimony was highly questionable because defense witnesses

testified that the victim was not present on the night of the alleged crime.  [Lodgment No. 2.]  Accord-

ingly, Petitioner has failed to establish counsel's performance was unreasonable.  *Strickland*, 466 U.S. at

687, 697 (holding that courts need not address both components of a *Strickland* claim if a defendant

fails to make a sufficient showing as to one).  The state court's decision that counsel's performance was

not deficient was not an unreasonable application of *Strickland*.  *See Williams*, 529 U.S. at 412-13.  The

Court **DENIES** relief as to this claim.

### (5)     Failure to Present Defense Theories

Petitioner contends counsel was ineffective in failing to present certain defense theories, and

claims that defense counsel should have presented certain witnesses to rebut the prosecution's case and

strengthen his own.  [*See* Pet. at 15-16.]  The last reasoned decision to discuss this claim is the state

appellate court's order denying habeas relief.  *See Ylst*, 501 U.S. at 801-06.  The court noted that

Petitioner had not satisfied his burden of showing that there is a reasonable probability that the result

would have been more favorable to Petitioner had the witnesses testified.  *People v. Snyder*, 112 Cal.

App. 4th 1200 (2003); [Lodgment No. 27.]  Petitioner admits that defense counsel made the decision not

to call a former therapist because it would have opened the door for the prosecution to call another one

of Petitioner's former counselors who would have testified that Petitioner failed to fully participate in

therapy. [Lodgment No. 2.]  As the state court found, this is a reasonable tactical decision, and

1   Petitioner has failed to present any evidence that the former therapist would have testified as he claims

2   and has not shown that had he been called, the result would have been different.  *See Strickland*, 466

3   U.S. at 688-89, 694.  In addition, Petitioner offers only his own speculation that the victim's sister's

4   testimony would have been helpful to his defense.  Accordingly, he has failed to show prejudice.  *Id.* at

5   694.

6         The state court's decision was not contrary to, or an unreasonable application of clearly

7   established law.  *See Williams*, 529 U.S. at 412-13.  Therefore, the Court **DENIES** relief as to this

8   claim.

9               **(6)     Ineffective Assistance of Appellate Counsel**

10        Finally, Petitioner claims appellate counsel was ineffective in failing to raise several issues on

11  appeal.  He asserts that his appellate attorney should have raised the following claims: the trial court

12  erred when it instructed the jury under CALJIC 4.71; counts six and seven, and counts eight and nine

13  were "multiplicitous;" and trial counsel was ineffective in failing to object to prosecutorial misconduct

14  and withdrawing CALJIC No. 4.50.  [Pet. at 16.]  When challenging the assistance of appellate counsel,

15  the petitioner "must show that counsel's advice fell below an objective standard of reasonableness, and

16  that there is a reasonable probability that, but for counsel's unprofessional errors, [the petitioner] would

17  have prevailed on appeal."  *Miller v. Keeney*, 882 F.2d 1428, 1442 (9th Cir. 1989).  The Ninth Circuit

18  has held that "appellate counsel's failure to raise issues on direct appeal does not constitute ineffective

19  assistance when appeal would not have provided grounds for reversal."  *Wildman v. Johnson*, 261 F.3d

20  832, 840 (9th Cir. 2001).

21        As discussed above, none of Petitioner's claims were meritorious.  *See supra* section

22  (V)(B)(d)(2) (discussing CALJIC No. 4.71); *see supra* section (V)(B)(d)(3) (discussing "multiplicitous

23  counts"); *see supra* section (V)(B)(d)(i)-(vii) (discussing prosecutorial misconduct).  Accordingly,

24  Petitioner has not shown that appellate counsel's decision not to raise these claims on appeal was

25  unreasonable, nor that had the issues been raised, he would have prevailed on appeal.  *See Wildman*, 261

26  F.3d at 840.  Therefore, the Court **DENIES** relief as to this claim.

27  //

28  //

23

## VI.  Conclusion

The Court **ADOPTS** the Report and Recommendation and **FINDS** that Grounds One (his due process rights were violated when the trial court improperly instructed the jury), Five (his due process rights were violated by the prosecutor's misconduct), Seven (his due process rights were violated because his convictions for counts 6 and 7 and for counts 8 and 9 were multiplicitous), and Eight (his due process rights were violated by the admission of evidence of uncharged acts and the testimony of one of the victims) are procedurally barred from federal habeas review and are **DISMISSED with prejudice**.  In addition, Grounds Two (his due process rights were violated by the admission of certain expert testimony), Three (his due process rights were violated because there was insufficient evidence to support convictions on counts 8 and 9), Four (his due process rights were violated because he was tried before a biased judge), and Six (his Sixth Amendment right to effective assistance of counsel was violated by both trial and appellate counsel) are **DENIED** on the merits.

**IT IS SO ORDERED.**

DATED:  November 10, 2008

_____

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Papas
     All Counsel of Record