# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALLEN SIMONTON,<br><br>            Petitioner,<br><br>   v.<br><br>M. EVANS,<br><br>            Respondent. | Civil No. 07cv0431 J (LSP)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

Petitioner James Allen Simonton ("Petitioner"), a California state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus ("Petition") challenging his conviction pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Pursuant to 28 U.S.C. § 636(b)(1) and CivLR HC.2 of this District, Magistrate Judge Leo S. Papas filed a Report and Recommendation ("R&R") recommending that the Court deny the Petition. [Doc. No. 17.] Petitioner filed objections to the Report. [Doc. No. 23.] This Court subsequently overruled Petitioner's objections, adopted the Report, and denied the Petition. [Doc. No. 25.] Petitioner now seeks a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 and Federal Rules of Appellate Procedure 22(b). For the reasons set forth below, this Court now **DENIES** Petitioner's request for a certificate of appealability.

*Legal Standard*

A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(A).  In deciding whether to grant a certificate of appealability, a court must either indicate the specific issues supporting a certificate or state reasons a certificate is not warranted.  *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, a petitioner must show that:  (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further.  *Lambright v. Steward*, 220 F.3d 1022, 1024-25 (9th Cir 2000) (internal citations omitted).  A petitioner does not have to show that he "should prevail on the merits [because] [h]e has already failed that endeavor."  *Id.* (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

*Analysis*

Petitioner filed a petition for a writ of habeas corpus on March 8, 2007 raising eight grounds for relief [doc. no. 1]:

(1) His due process rights were violated when the trial court improperly instructed the jury;

(2) His due process rights were violated by the admission of certain expert testimony;

(3) His due process rights were violated because there was insufficient evidence to support convictions on counts 8 and 9;

(4) His due process rights were violated because he was tried before a biased judge;

(5) His due process rights were violated by the prosecutor's misconduct;

(6) His 6th Amendment right to effective assistance of counsel was violated by both trial and appellate counsel;

(7) His due process rights were violated because his convictions for counts 6 and 7, and his convictions for counts 8 and 9, were multiplicitous; and

(8) His due process rights were violated by the admission of evidence of uncharged acts and the testimony of one of the victims.

**A.     Procedural Defaults**

This Court, in its order denying Petitioner's petition for writ of habeas corpus, found Grounds One, Five, Seven, and Eight are all procedurally barred under the contemporaneous objection rule and the *Dixon* rule.[1]  Petitioner previously admitted that Grounds One, Five and Seven are procedurally barred, yet argues in his request for a COA that exceptions Petitioner raised to these procedural bars were never addressed or waived. [Doc. No. 27.]  Referencing earlier documents, Petitioner argues that these grounds are still reviewable under ineffective assistance of counsel and miscarriage of justice exceptions. [Doc. No. 15.]  Additionally, Petitioner asserts that Ground Eight is not barred for the same reasons. *Id.*

"The procedural default doctrine 'bar[s] federal habeas when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" *Calderon v. United States District Court (Bean)*, 96 F. 3d 1126, 1129 (9th Cir. 1996) (quoting *Colemen v. Thompson*, 501 U.S. 722, 729 (1991)).  The doctrine "is a specific application of the general adequate and independent state grounds doctrine." *Bean*, 96 F.3d at 1129 (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)).  Under the adequate and independent state grounds doctrine, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support judgment." *Bean,* 96 F.3d at 1129 (quoting *Coleman*, 501 U.S. at 729); *see also Hill v. Roe*, 298 F.3d 796, 798 (9th Cir. 2002).  The state bears the burden of proving an independent and adequate procedural default. *Bennet v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).  Furthermore, the state procedural rule must be clear and "well established at the time of the petitioner's purported default." *Bean*, 96 F.3d at 1129 (quoting *Wells*, 28 F.3d at 1010).

Once the state meets its burden, federal courts are foreclosed from reviewing the claim(s) *unless* the petitioner can (1) "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945

---

[1] The *Dixon* rule provides that "a convicted defendant desiring to bring claims in a state habeas petition, must, if possible, have pursued the claims on direct appeal from his conviction." *Park v. California*, 202 F.3d 1146, 1151 (2000) (citing *Dixon*, 41 Cal. 2d 756 (1953)).

F.2d 1119, 1123 (9th Cir. 1991).  The miscarriage of justice exception is limited to extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.  *Johnson v. Knowles*, 541 F.3d 933, 938 (9th Cir. 2008) (citing *Schlup v. Delo*, 513 U.S. 298, 317 (1995)).

**1. Grounds One, Five, and Seven**

In its initial denial, this Court agreed with the California Court of Appeal, holding that Grounds One, Five, and Seven are procedurally barred under California's contemporaneous objection rule and under *In re Dixon*, 41 Cal. 2d 756, 759 (1953).  This Court accepted Respondent's argument that the contemporaneous objection and *Dixon* bars are independent and adequate.  [Doc. No. 9.]  In his request, Petitioner declares that jurists of reason could debate whether a valid constitutional violation claim exists and whether this court was correct in its procedural bar ruling.  [Doc. No. 27.]

However, the Petitioner's argument fails to address the requirements for challenging a procedural bar.  As noted previously, once the state has proven the state procedural bar is both independent and adequate, the burden shifts to the petitioner to assert "factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennet*, 322 F.3d at 586.

Petitioner has failed to offer any specific factual allegations undermining the adequacy and consistency of the contemporaneous objection rule and *Dixon* bar.  Furthermore, federal courts are extraordinarily wary of entertaining habeas corpus violations premised on alleged deviations from state procedural rules.  *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991).  In fact, Petitioner has conceded, in his Traverse, that Grounds One, Five and Seven are barred.  [Doc. No. 15.]  However, in his request for a COA, the Petitioner maintains that exceptions he raised to the State's procedural bars have not been waived.  [Doc. No. 27.]  As noted earlier though, exceptions to the rule are limited to situations where the petitioner can demonstrate (1) cause and prejudice or (2) a fundamental miscarriage of justice.

Referencing his earlier objection to the Magistrate Judge's Report and Recommendation, Petitioner contends Ground 1 and Ground 7 are excepted from the procedural bars because of ineffective assistance of counsel.  [Doc. Nos. 23 and 27.]  For Ground 1, Petitioner claims "trial counsel failed to object to the patently erroneous instruction."  [Doc. No. 23.]  For Ground 7, Petitioner states "trial

counsel failed to object to counts that didn't protect against double jeopardy concerns." [Doc. No. 23.] However, the Supreme Court does not consider claims of ineffective assistance of counsel sufficient to trigger an exception to the independent and adequate standard upholding state rulings on procedural bars. *See Osborne v. Ohio,* 495 U.S. 103, 123 (1990) (holding that Petitioner's counsel's failure to object to jury instructions during trial constituted an independent and adequate state law ground preventing the Court from reaching Petitioner's due process claim). Therefore, Petitioner is not excused from the independent and adequate procedural bars because his assertions of ineffective assistance of counsel do not sufficiently demonstrate a legitimate excuse for the default.

Likewise, the Petitioner has failed to show why federal review of ground 5, prosecutorial misconduct, should proceed despite the state's independent and adequate procedural bars. The Petitioner has not shown cause and prejudice for the default. Petitioner claims that during closing arguments, the prosecutor (1) misstated evidence, (2) improperly vouched for the credibility of certain witnesses, (3) made comments intended to inflame jury passions, (4) misstated the law, and (5) urged his/her own personal opinions and conclusions. [Doc. No. 1.]

In his request for a COA, Petitioner claims that the exceptions he raised to the procedural bars were not addressed. [Doc. No. 27.] Regarding ground 5, Petitioner argues that a "plain error" exception authorizes courts to correct particularly egregious errors despite the state's contemporaneous objection requirement. [Doc. No. 23.] However, the Petitioner's argument is misplaced. State interpretation of state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional questions would be implicated. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Additionally, the Supreme Court has firmly established that "federal habeas corpus relief does not lie for errors of state law." *Id.* at 67 (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner cites *U.S. v. Young*, 470 U.S. 1 (1985), to support his contention that "plain error" at the state court level could open the door for federal review despite the state's procedural bars. [Doc. No. 23.] However, the Petitioner misinterprets the Supreme Court's ruling. The Court went on to further explain that the plain-error exception to the contemporaneous-objection rule is to be "used sparingly, solely in those circumstances in which a *miscarriage of justice* would otherwise result." *Id.* at 15 (emphasis added).

Petitioner, however, also fails to establish grounds for federal review of Grounds 1, 5, and 7 based on this second exception: miscarriage of justice. As stated previously, the miscarriage of justice exception is limited to extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt. *Knowles*, 541 F.3d at 938 (citing *Schlup v. Delo*, 513 U.S. 298, 317 ( 1995)). Petitioner has not asserted, with new evidence, his actual innocence or shown specifically how the Court's failure to consider his due process claims would result in a fundamental miscarriage of justice.

> "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 936.

The Petitioner has not provided new evidence to suggest he is actually innocent or undermine the court's confidence in the jury's finding of guilt. *See, e.g.*, *Spence v. Superintendent*, 219 F.3d 162, 172 (2d Cir. 2000) ("Where a petitioner shows by clear and convincing proof that he is actually innocent of the conduct on which his sentence is based, the incarceration is fundamentally unjust and the miscarriage of justice exception to the procedural default bar applies.")

The arguments raised by Petitioner are not legitimate exceptions recognized by any court. In sum, the Petitioner has not established that "jurists of reason" could debate whether Grounds 1, 5, and 7 are sufficient to breach the well established procedural bar doctrine precluding federal review of independent and adequate state grounds for denial absent a showing of cause and prejudice or miscarriage of justice. Therefore, Petitioner is not entitled to a COA on these grounds.

**2. Ground Eight**

Petitioner's claim that the admission of uncharged acts and the testimony of one of his victims violated his due process rights were also held by this Court to be procedurally barred under the contemporaneous objection rule, similar to Grounds 1, 5, and 7. The last reasoned decision to specifically address this claim was the California Court of Appeal's decision on direct appeal and it is to that decision that this Court directed its analysis. *Ylst v. Munnemaker*, 501 U.S. 797, 801-08 (1991).

This Court, in its denial, agreed with the Court of Appeal holding that Petitioner had waived his claim, vis-a-vis the contemporaneous objection bar, by failing to object at trial. [Doc. No. 25].

However, in his request for a COA, Petitioner rebuts the Court's procedural bar finding, claiming trial counsel failed to object to the admission of the uncharged acts; he essentially claims ineffective assistance of counsel. [Doc. No. 27.] However, as mentioned earlier, the Supreme Court does not consider claims of ineffective assistance of counsel as sufficient to trigger an exception to the independent and adequate standard upholding state rulings on procedural bars. *See Osborne,* 495 U.S. at 123. Placing blame on the Petitioner's attorney for the default does not dissolve this procedural bar. Petitioner underscores the fact that the Court of Appeal "never ruled on this claim." [Doc. No. 27.] Yet Petitioner overlooks the court's rationale. The Court of Appeal refused to hear the merits of Petitioner's claim because it ruled such a claim was procedurally barred, thus preventing the court from ever reaching the merits of that claim. Thus, Petitioner has failed to demonstrate cause and prejudice or that a miscarriage of justice will result should the Court not consider this claim. *See Coleman*, 501 U.S. at 750. Therefore, Petitioner has not presented an issue "debatable among jurists of reason" and he is not entitled to a COA on this issue.

**B.     Merits**

Excluding any independent and adequate state procedural bars, this Court can examine the merits of Petitioner's remaining claims. *Harris v. Reed,* 489 U.S. 255, 262-63 (1989). This Court denied grounds Two, Three, Four, and Six on the merits.

A federal court may grant a habeas petition if the applicant is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas petitions are governed by the provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to AEDPA, a federal court may grant habeas corpus relief from a state court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state-court decision is "contrary to clearly established federal law" if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state-court decision is an unreasonable

application of the facts "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

### 1. Ground Two: Expert Testimony

This Court found that the State Court's decision to admit expert testimony regarding "grooming" did not violate Petitioner's due process rights. Specifically, Petitioner argues in his request for a COA that the trial court improperly permitted the government's expert witness, Officer Levenberg, to testify about his "opinion on intent" and "grooming techniques" used by child molesters. [Doc. No. 27 at 5.]

To the extent Petitioner asserts a violation of California's evidentiary rules, his claim is not cognizable in a federal habeas proceeding unless the admission of the evidence violated his due process right to a fair trial. *Estelle v. McGuire*, 502 U.S. 62, 70 (1991). In order to establish a due process violation, Petitioner must show that the evidentiary ruling was so *prejudicial* that it rendered his trial fundamentally unfair. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996).

In the last reasoned decision to discuss the claim, the California Court of Appeals noted that the testimony did not concern a subject within common knowledge, nor was it inadmissible profile testimony or an "informal compilation of characteristics of pedophiles." [Lodgment No. 6.] Petitioner has not shown that the expert's brief testimony regarding "grooming" was so prejudicial as to render his trial fundamentally unfair. His testimony on the subject of grooming explained the general modus operandi of child molesters. The Ninth Circuit has held that experts may "testify as to the general practices of criminals to establish the defendants' modus operandi." *United States v. Freemen*, 498 F.3d 893, 906 (9th Cir. 2007). Federal courts favor admissibility of expert witness testimony if the subject matter at issue, or its specific application, is one an average juror might not be sufficiently familiar with, or if the trial court determines that the expert testimony would assist the jury. *See id.*

Officer Levenberg did not specifically address the guilt or innocence of the Petitioner individually. Instead, he spoke of the general tendencies of people exhibiting particular kinds of behavior. To reiterate, although a witness is not permitted to give a direct opinion about a defendant's guilt or innocence, an expert may testify regarding an ultimate issue to be resolved by a judge or jury. *United*

*States v. Lockett*, 919 F.2d 585, 590 (9th Cir. 1990). The trial judge specifically addressed the jury and stated:

> "Ladies and gentlemen...[these] are views that you can consider in deciding these issues in this case. If you find them credible and convincing and reasonable, you can adopt them. If you don't, you can reject them. But they are offered for your consideration." [Lodgment No. 2.]

Following the court's disclaimer, Officer Levenberg only provided a very brief account of his years of experience as a child abuse detective and the "techniques" he had been told of by child molesters he had dealt with. In response to questioning about molesters generally, the expert witness explained,

> "[A molester] build[s] trust, so that he can have his way with them or what he says, to bring them into his confidence to where he'll listen to him. And if he tells him not to say anything or do something, he won't." [Lodgment No. 2.]

In his COA request, Petitioner correctly cites *United States. v. Freeman*, 498 F.3d 893 (9th Cir. 2007), to support his contention that an expert may not testify to a defendant's intent. [Doc No. 27.] However, the Petitioner incorrectly applies the rule to the facts of his case. Petitioner alleges, "The expert didn't just opine on what Petitioner did, he testified as to why he did them." [Doc. No. 27.] Yet the record clearly thwarts this allegation because there is nothing to show that the expert witness ever addressed Petitioner specifically or, as alleged, opined about Petitioner's intent. The court in *Freeman* determined that the expert's testimony was not prejudicial because the expert did not testify to the intent of the defendant but rather only to the "general practices of criminals to establish modus operandi." *Freeman*, 498 F.3d at 905, 906. Likewise, Officer Levenberg avoided addressing the Petitioner's intent and only testified to common methodologies he had witnessed as a result of his work as a child abuse detective. [Lodgment No. 2.] Lastly, the Petitioner has not articulated how the testimony was sufficiently prejudicial to affect the outcome. *See U.S. v. Sanchez-Murillo*, 608 F.2d 1314, 1318-19 (9th Cir. 1979) (holding that Defendant's speculation of possible prejudice failed to meet the standard of material error necessary for consideration of his untimely objection.). In his request for a COA, the Petitioner concludes, superficially, that "[he] has shown that the admission of this testimony was so prejudicial, that the trial was fundamentally unfair." [Doc. No. 27.] Yet, without any substantive evidence, the Court cannot rely solely on the petitioner's misinterpretation of allowable expert testimony.

Thus, reasonable jurists would not disagree that the state court's admission of the testimony was not a violation of due process and denial of the claim was neither contrary to, nor an unreasonable application of clearly established law under AEDPA. *See Estelle*, 502 U.S. at 70; *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); 28 U.S.C. § 2254. Therefore, the Petitioner has failed to present an issue "debatable among jurists of reason," and he is not entitled to a COA on this claim.

**2. Ground Three: Insufficient Evidence**

This Court, in its order of denial, rejected Petitioner's claims that there was insufficient evidence to support his conviction under counts eight and nine for annoying or molesting a child under California Penal Code section 647.6(a). Petitioner raised this claim in the Court of Appeal on direct review and it was denied in a reasoned opinion. [Lodgment No. 6.] Petitioner raised the claim again in his petition for review to the California Supreme Court and it was denied without comment or citation. [Lodgment No. 8.]

In a sufficiency of the evidence claim, clearly established law requires the court to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). This court must view the evidence in the light most favorable to the prosecution and must presume the trier of fact resolved conflicting evidence in favor of the prosecution. *Id.* at 319, 326. Under *Jackson*, this court must look to the state criminal law in determining whether a fact finder could have found the petitioner guilty beyond a reasonable doubt. *Id.* at 324.

Viewing the evidence in the light most favorable to the verdict, a reasonable juror could have found Petitioner guilty of violating section 647.6 beyond a reasonable doubt. As the state court noted, one of the victims testified that while wrestling, Petitioner "grabbed" his butt two times. [Lodgment No. 2.] The victim stated that the first time it happened he pushed Petitioner off him and told him "that's not cool." [*Id.* at 232.] He testified that he did not like Petitioner doing that, and when Petitioner did it again, the victim pushed him off and told him, "Don't, I don't like that." [*Id.* at 233.]

This testimony is sufficient for a reasonable juror to find that Petitioner's conduct would "unhesitatingly disturb or irritate" a normal person. *See* Cal. Penal Code § 647.6. In his request for a COA, Petitioner cites *People v. Tate*, 164 Cal.App.3d 133 (1985), to assert that a child's subjective

perspective should not serve as a test for gauging annoyance or molestation. [Doc. No. 27 at 6.] However, the Petitioner's narrow reading of *Tate* misconstrues the court's opinion. The test is an objective one and only a child's "wholly unreasonable subjective annoyance" should be excluded, such as a child's annoyance with proper correction from a teacher. *Id.* at 138.

Additionally, Petitioner takes issue with the state court because he believes it improperly "supplied a 'sexual' connotation to his touching, something completely lacking in any testimony." [Doc. No. 27 at 7.] However, "when the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender." *People v. Pallares*, 112 Cal.App.2d Supp. 895, 891 (1952). Petitioner admits that David "expressed concern" and said, "I don't like that." [Doc. No. 27 at 6.] Given the Petitioner's admissions that he previously molested other young men, a reasonable juror could infer that Petitioner's conduct was an attempt to satisfy an "abnormal interest" in the victim. [Lodgment No. 2.] The words annoy or molest, as used in the code section, are sufficiently definite and concrete to notify the public generally of what acts and conduct are prohibited. *Id.* Under *People v. Lopez*, 19 Cal. 4th 282 (Cal. 1998), the proper inquiry for the court is whether the defendant's objectionable acts, viewed objectively, constitute the offense. 19 Cal. 4th at 290. Here, the testimony related to Petitioner's physical acts is sufficient for a reasonable juror to decide that the conduct was objectively "disturbing[ing] or irritat[ing]." *See id.* Petitioner provides no evidence, aside from his own subjective opinions in his request for a COA that 1) the testimony given in court was purely fictional, and 2) the victim was not truly annoyed. [Doc. No. 27.] Petitioner cannot usurp the role of judge and jury in favor of himself.

Thus, reasonable jurists would not disagree that there was sufficient evidence to convict Petitioner on counts 8 and 9, and the state court's denial of the claim was neither contrary to, nor an unreasonable application of clearly established law. *See Jackson*, 443 U.S. at 319; *Williams*, 529 U.S. at 412-13. Therefore, Petitioner is not entitled to a COA on this claim.

**3. Ground Four: Judicial Bias**

Additionally, this Court denied Petitioner's argument that his due process rights were violated by judicial bias. Specifically, Petitioner asserts that the trial judge held a bias against child molesters, which he expressed to Petitioner's mother before and after the trial. [Doc. No. 1.] Petitioner raised this claim

in a petition for habeas corpus to the California Supreme Court and it was denied without comment. [Lodgment No. 29.] Thus, this Court looked through to the last reasoned decision by the state court, that of the California Court of Appeal, which denied Petitioner's petition in a reasoned decision after a two-day evidentiary hearing was held in superior court. *See Ylst*, 501 U.S. at 801-06.

It is clearly established that the Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge. *In re Murchison*, 349 U.S. 133, 136 (1996). To succeed on a judicial bias claim, however, a petitioner must "overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A petitioner may show judicial bias in one of two ways, (1) by demonstrating the judge's actual bias or (2) by showing that the judge had an incentive to be biased sufficiently strong to overcome the presumption of judicial integrity. *Paradis v. Arave*, 20 F.3d 950, 958 (9th Cir. 1994).

Following the evidentiary hearing, which included the testimony of several witnesses, the superior court concluded that Petitioner's mother's testimony was not creditable because of her bias toward her son and several other factors. [Lodgment No. 25.] In evaluating the Petitioner's claim, this Court must defer to the state court's factual findings unless they are rebutted by clear and convincing evidence. 28 U.S.C. 2254 (e) (1). The court found "compelling circumstantial evidence" that the trial judge did not express any bias during his conversation with Petitioner's mother. *Id.* at 10. Having reviewed the superior court's findings following the evidentiary hearing, the court of appeal denied the claim. [Lodgment No. 27.]

The Petitioner has not shown anything from the record to suggest the trial judge was in fact biased. Thus, there is insufficient evidence to overcome the presumption of judicial integrity. *Paradis*, 20 F.3d at 958. In his request for a COA, the Petitioner makes speculative assertions arguing, among other things, that the judge's character witnesses were other biased judges, unlike his mother's witnesses who were unbiased and "had no personal motivation to lie for her or Petitioner." [Doc. No. 27.] Therefore, the state court's denial of Petitioner's judicial bias claim was neither contrary to, nor an unreasonable application of, clearly established law. *See Williams*, 529 U.S. at 412-13. Thus, the Petitioner has failed to show that this issue is "debatable among jurists of reason" and is not entitled to a COA on this claim.

**4. Ground Six: Ineffective Assistance of Counsel**

Finally, this Court denied Petitioner's contention that his ineffective attorney violated his Sixth Amendment right to counsel. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000); *see McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) ("It has long been recognized the right to counsel is the right to the effective assistance of counsel.") Specifically, in his request for a COA, Petitioner argues his trial counsel: (1) failed to object to prosecutorial misconduct, (2) failed to object to multiplicity of counts, (3) unreasonably withdrew an alibi instruction (CALJIC No. 4.50), (4) failed to present defense theories, (5) failed to object to CALJIC 4.71, and finally that (6) his Appellate counsel was also ineffective. [Doc. No. 27.]

A finding of ineffective assistance of counsel requires a two-part showing: (1) an attorney's representation must have fallen below an objective standard of reasonableness and (2) a defendant must have been prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Prejudice can be demonstrated by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the *result of the proceeding would have been different*. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (emphasis added). Further, *Strickland* requires that "[j]udicial scrutiny of counsel's performance . . . be highly deferential." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 686-87. The Court need not address both the deficiency prong and the prejudice prong if the defendant fails to make a sufficient showing of either one. *Id.* at 697.

In his request for a COA, the Petitioner has simply reiterated the same arguments as those raised in his initial petition as well as his objection to the Magistrate Judge's R & R. [Doc. Nos. 1 and 23.] For that reason, it would be redundant to readdress the same arguments piecemeal as this Court's order of denial has already done.

This Court looked to the California Court of Appeal's opinion, the last reasoned state court decision when examining this claim. *Ylst*, 501 U.S. 801-06. This Court, in its order of denial, agreed with the Court of Appeals in its application of the *Strickland* standard. In analyzing Petitioner's claim, the Court of Appeal applied the appropriate federal standard set forth in *Strickland* by citing *In re Jones*, 13 Cal. 4th 552, 561 (1996) (citing *Strickland,* 466 U.S. at 687). [Lodgment No. 27] In every instance

Petitioner raises, there is evidence to support either (1) that Petitioner's counsel may have had valid tactical reasons not to object to or present certain evidence or (2) that Petitioner's counsel's performance was not patently deficient. In denying the Petitioner's petition for habeas corpus, the California Court of Appeal stated that "most of [Petitioner's] cited instances were within the bounds of zealous advocacy and permissible argument" and "there may have been valid tactical reasons for not objecting and, in any event, it is not reasonably probable [Petitioner] would have been acquitted even had defense counsel objected." [Lodgment No. 27.] Thus, Petitioner's counsel's actions were not professionally unreasonable and there was no showing of prejudice.

As such, Petitioner has failed to satisfy either prong of the *Strickland* standard: (1) that the attorney's representation fell below an objective standard of reasonableness, **and** (2) that there is a reasonable probability that, but for counsel's unprofessional errors, *the result of the proceeding would have been different*. Therefore, the Petitioner has not shown that this issue is "debatable among jurists of reason" and is not entitled to a COA.

*Conclusion*

For the reasons explained above, this Court **DENIES** the Petitioner's request for a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: February 23, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Papas
     All Counsel of Record