UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALLEN SIMONTON,<br><br>              Petitioner,<br>v.<br>M. EVANS,<br>              Respondent. | Civil No. 07cv0431 JAH (NLS)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [Doc. No. 37]** |

       Pending before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits relief from a judgment or an order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . . misrepresentation, or other misconduct by an adverse party; (4) a void judgment; (5) satisfaction, release, or discharge of the judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 60 (1993).

       Rule 60(b) applies to habeas corpus actions "only to the extent that it is not inconsistent with applicable federal statutory provisions and rules." Gonzalez v. Crosby,

545 U.S. 524, 530 (2005) (internal quotes omitted). It may not be used to circumvent AEPA's rules for filing successive petitions. id. at 531. A Rule 60(b) motion that advances one or more claims is similar to a habeas petition that requires compliance with the applicable statutes. Id. Petitioner seeks reconsideration of the order denying his petition for writ of habeas corpus and denying his motion for a certificate of appealability. He maintains the Court erred when it failed to order an evidentiary hearing of his ineffective assistance of counsel claim, failed to rule on his motion to disallow Respondent's motion to dismiss as untimely and failed to issue a certificate of appealability. Petitioner's motion attacks a defect in the habeas proceedings and does not assert claims. See id. at 532. Therefore, the motion is not the equivalent of a successive petition.

However, the Court finds Petitioner's motion is untimely. A motion for relief from judgment or order based upon mistake, newly discovered evidence and fraud must be brought within a year after the entry of judgment or order, and a motion brought for all other reasons must be filed "within a reasonable time." FED.R.CIV.P. 60(c)(1). The pending motion was filed more than two years after the November 10, 2008 order denying the petition for writ of habeas corpus and the February 23, 2009 order denying Petitioner's request for a certificate of appealability. Recognizing his motion is untimely, Petitioner asks, without cite to authority, the Court to determine the time for filing his motion should run from the Ninth Circuit Court of Appeal's order denying Petitioner's certificate of appealability. There is no authority or support for Petitioner's suggestion that the Court ignore the plain language of Rule 60(c)(1) that requires the time run from "the entry of the judgment or order or the date of the proceeding." Accordingly, the motion for relief for judgment is denied as untimely.

Even if the motion was timely, Petitioner fails to raise sufficient grounds for relief. Petitioner contends the Court erred in failing to grant an evidentiary hearing as to his claims for ineffective assistance of counsel. However, as Judge Napolean A. Jones, Jr. found in the order denying the petition, Petitioner failed to show counsel's failure to object to erroneous instructions, refusal to give another instruction, and refusal to

interview or call a witness was deficient and that he was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668 (1984) (holding that a finding of ineffective assistance of counsel requires both a showing of deficient performance and prejudice as a result of the deficient performance). As such, Petitioner's allegations of ineffective assistance of counsel if proven true would not have entitled him to habeas relief and he was not entitled to an evidentiary hearing. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Petitioner also asserts the Court erred in failing to address his motion to deny Respondent's answer as an untimely motion to dismiss. A review of the docket demonstrates Magistrate Judge Leo S. Papas specifically addressed Petitioner's motion, determined Respondent did not file a motion to dismiss but filed a timely answer and denied Petitioner's motion. See Minute Order (Doc. No. 13).

Finally, Petitioner asserts the order denying his request for a certificate of appealability is in error because there was no finding of "no showing of a denial of a right." Motion at 6. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000) & Barefoot v. Estelle, 463 U.S. 880 (1983)). In the order denying Petitioner's request for a certificate of appealability, Judge Jones specifically found Petitioner failed to establish the issues presented by his claims are debatable among jurists of reason and therefore, found Petitioner failed to make a showing of denial of a constitutional right. Accordingly, Petitioner fails to demonstrate he is entitled relief from judgment.

Based on the foregoing, IT IS HEREBY ORDERED Petitioner's motion for relief

from judgment is **DENIED.**

DATED: April 29, 2011

*/s/ John A. Houston*

JOHN A. HOUSTON
United States District Judge